<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH MONROE, | : | |
| | : | Civil No. 06-1888 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| KAREN HOGSTEN, Warden, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Joseph Monroe, <u>Pro Se</u>
#04951-084
FCI Allenwood
P.O. Box 2000
White Deer, PA 17787

Jack J. Lipari, Asst. Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Boulevard
P.O. Box 2002
Mays Landing, NJ 08330
Attorney for Respondent

**KUGLER, District Judge**

This matter is before the Court on petitioner Joseph Monroe's application for habeas corpus relief under 28 U.S.C. § 2254. Respondent filed an Answer on November 8, 2006. For reasons now discussed, the Court finds that this application must be dismissed for lack of jurisdiction, as Petitioner is not "in custody," for purposes of 28 U.S.C. § 2254. Alternatively, the application is untimely.[1]

---

[1] A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519,

## BACKGROUND

In November of 1985, Petitioner entered a guilty plea to one count of possession of heroin with intent to distribute in the New Jersey state court.  On February 21, 1986, Petitioner was sentenced in accordance with the plea agreement to a term of probation, with 30 days in county jail, to run concurrently with a New York sentence.  At sentencing held in absentia, which Petitioner was aware of and agreed not to appear since he was being held in a New York facility, the court informed Petitioner's counsel that Petitioner had forty-five days to appeal.  Petitioner's defense attorney wrote Petitioner a letter, dated February 27, 1986, informing Petitioner of his sentence and "strongly urging" Petitioner to contact him regarding his "obligations."  Petitioner did not appeal the conviction or sentence.

In 1995, Petitioner was convicted in federal court for drug offenses.  His federal sentence was enhanced by the 1986 New Jersey state sentence.  Thereafter, in 1999, Petitioner filed a post-conviction relief ("PCR") petition in New Jersey state court challenging his 1986 plea agreement, alleging ineffective

---

520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

assistance of counsel, amongst other arguments.  The New Jersey state court denied the PCR petition as untimely, and without merit.  Petitioner appealed the denial through the New Jersey state courts, and was denied certification by the New Jersey Supreme Court on April 30, 2002.

The instant petition was originally filed in the United States District Court, Middle District of Pennsylvania, on March 14, 2006.  On April 19, 2006, the case was transferred to this Court.  On July 25, 2006, Petitioner was advised of his rights under <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), and an Order to Answer was issued on October 19, 2006.  Respondent submitted an Answer and the relevant state court record on November 8, 2006.  Petitioner did not file a reply.

<b><u>DISCUSSION</u></b>

**A.**   **"In Custody" Requirement**

Title 28 of the United States Code, section 2254 provides:

(a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody pursuant to the judgment of a state court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be in custody under the state court conviction he is attacking when the petition is filed, in order for this

3

Court to have jurisdiction under § 2254.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed.  Indeed, the Supreme Court held that its decision in Carafas v. LaVellee, 391 U.S. 234 (1968), "strongly implies the contrary."  Maleng, 490 U.S. at 491.  In Carafas, the Supreme Court noted that the unconditional release of Petitioner raised a "substantial issue" as to whether the statutory "in custody" requirement was satisfied.  See Maleng, 490 U.S. at 491 (citing Carafas, 391 U.S. at 238).  The Court ultimately found the "in custody" requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that Petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed.  See id. at 492 (citing Carafas, 391 U.S. at 238).  The Supreme Court also held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."  Id.

In the instant case, Petitioner did not file his federal habeas petition until 2006.  Therefore, he was not "in custody" pursuant to the challenged state court judgment of conviction at

4

the time he filed his § 2254 petition.  However, Petitioner was

in federal custody pursuant to an unrelated federal conviction at

the time he filed the petition.  He claims that the challenged

state court conviction enhanced his federal sentence.

The Supreme Court has held that, if a state court

conviction:

> is no longer open to direct or collateral attack in its
> own right because the defendant failed to pursue those
> remedies while they were available (or because the
> defendant did so unsuccessfully), the conviction may be
> regarded as conclusively valid.  If that conviction is
> later used to enhance a criminal sentence, the
> defendant generally may not challenge the enhanced
> sentence through a petition under § 2254 on the ground
> that the prior conviction was unconstitutionally
> obtained.

Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-04

(2001)(citing Daniels v. United States, 532 U.S. 374, 382

(2001)); see also Drakes v. Immigration and Naturalization

Service, 330 F.3d 600 (3d Cir. 2003)(applying Daniels and Coss to

bar habeas attack on prior state conviction which served as

predicate to order of removal).  One exception to this rule is

"where there was a failure to appoint counsel in violation of the

Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S.

335 (1963)."  Coss, 532 U.S. at 404; Daniels, 532 U.S. at 382.

Another exception that was suggested, but not defined, was an

exception "in rare cases in which no channel of review was

actually available to a defendant with respect to a prior

conviction, due to no fault of his own."  Daniels, 532 U.S. at

383.  Neither exception applies in the instant case.  Thus, the

instant petition must be dismissed for lack of jurisdiction.[2]

**B.**    **Statute of Limitations**

Alternatively, the petition is time-barred.  According to

the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 110 Stat. 1214, Petitioner had one-year from the date

his conviction became final to file his petition for a writ of

habeas corpus.  See 28 U.S.C. § 2244(d)(1).[3]  In this case,

---

[2]  Petitioner's case is distinguishable from the Court of
Appeals for the Third Circuit's decision in Young v. Vaughn, 83
F.3d 72 (3d. Cir.), cert. denied, Abraham v. Young, 519 U.S. 944
(1996).  In that case, the sentence Petitioner was serving at the
time he filed his petition was not merely *enhanced* by virtue of
his earlier conviction, like in the instant petition, but rather
was a *direct result* of the earlier conviction.  See Young, 83
F.3d at 76.  In Young's case, he would not have been in prison at
all, but for his earlier conviction.  See id.  Thus, the Court of
Appeals held that Young's petition "should have been construed as
challenging his current sentence, that he is 'in custody' under
that sentence, and that the district court has jurisdiction over
Young's petition."  Id. (citation omitted).

[3]  Title 28 of the United States Code, section 2244(d)(1),
creates a one-year statute of limitations on habeas corpus
petitions and reads in pertinent part:

> [a] 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the
>> time for seeking such review;
>> (B) the date on which the impediment to filing an
>> application created by State action in violation of the
>> Constitution or laws of the United States is removed,
>> if the applicant was prevented from filing by such
>> State action;
>> (C) the date on which the constitutional right asserted

Petitioner's judgment of conviction was entered in 1986. Petitioner chose not to appeal the judgment of conviction. Because Petitioner's conviction became final before April 24, 1996, the effective date of the AEDPA, Petitioner had one year, or until April 23, 1997, to file his petition for a writ of habeas corpus.  See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).  The instant petition was filed on March 14, 2006 in the United States District Court, Middle District of Pennsylvania.[4]  Thus, the petition appears to be time-barred.

## C.   Certificate of Appealability:  28 U.S.C. § 2253.

Because the AEDPA would govern the conditions of an appeal to this decision by Petitioner, he is required to seek a certificate of appealability ("COA") to obtain Third Circuit

was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[4]  The statute of limitations period is tolled during the pendency of state post-conviction relief applications; therefore, this period does not count toward the one-year calculation.  See 28 U.S.C. § 2244(d)(2).  However, in this case, Petitioner did not file his PCR petition until February 19, 1999, well after the time the statute of limitations had already run.  Thus, the tolling provision does not help Petitioner establish a timely habeas petition.  Had the PCR petition tolled the statute of limitations, Petitioner's PCR petition became final in 2002, when the New Jersey Supreme Court denied certification.  This petition was not filed in District Court until 2006.

7

review of this dismissal.  See Slack v. McDaniel, 529 U.S. 473, 482 (2000).  In Slack, the Supreme Court held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id. at 484.  This two-part standard governs when the subject of a possible appeal would be the district court's procedural bar, and not the merits of the constitutional claims.  See Walker v. Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

In this case, reasonable jurists would not find it debatable that the court lacks jurisdiction to review this petition, or alternatively, that the petition is time-barred.  Thus, no certificate of appealability shall issue, pursuant to 28 U.S.C. § 2253.

8

## CONCLUSION

For the foregoing reasons, Petitioner's application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed.  An appropriate Order accompanies this Opinion.

The Court further finds that no certificate of appealability will issue because the petitioner has not made a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253 and Slack v. McDaniel, 529 U.S. 473 (2000).


S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge


Dated: March 27, 2007

9